NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3147

RUFINO D. QUILALANG,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 14, 2006

_____

Before NEWMAN, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Mr. Rufino D. Quilalang petitions for review of the decision of the Merit Systems Control Board, Docket No. SE0831040148-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM) that he is not entitled to a federal retirement annuity. We <u>affirm</u> the decision of the Board.

BACKGROUND

Mr. Quilalang was employed by the United States Navy's Ship Repair Facility in Subic Bay, Republic of the Philippines, from 1968 until 1980. In July 1999 Mr. Quilalang applied to OPM for a deferred retirement annuity. His request was denied in October of that year and a reconsideration decision, also denying benefits, was issued on March 27, 2000. He appealed to the Board on Feb. 4, 2004.

The Board initially considered the issue of timeliness, noting that Mr. Quilalang's appeal had been filed almost four years after the OPM reconsideration decision was issued. Since appeals to the Board must usually be filed within 30 days of the decision being appealed, the Administrative Judge ordered Mr. Quilalang to justify the late filing. Mr. Quilalang responded that he had not received the OPM reconsideration decision and was not aware that his claim had been denied until he inquired about the status of his claim and OPM again notified him that it had been denied. Noting that the appeal to the Board was within 30 days of OPM's response to his inquiry, and that the mail service to the Philippines is sometimes unreliable, the AJ found that Mr. Quilalang's excuse was plausible and his appeal timely filed.

The AJ, however, affirmed the OPM reconsideration decision on the merits. The full Board declined review and this appeal followed.

DISCUSSION

To be entitled to a retirement annuity under the Civil Service Retirement System (CSRS), a former employee must complete at least five years of civilian service, with at least one of the last two years in a position covered by the CSRS. OPM determined, based upon its records, that Mr. Quilalang had been employed only in excepted appointments

05-3147                                         2

limited to one year or less or in positions designated as indefinite. Under OPM regulations, such positions are not deemed "covered service." See 5 C.F.R. §831.201(a); Rosete v. OPM, 48 F.3d 514 (Fed. Cir. 1995); Novelloso v. OPM, 45 M.S.P.R. 321 (1990), aff'd 925 F.2d 1478 (Fed. Cir. 1991) (table). OPM determined that Mr. Quilalang not been employed in a covered position and thus was not entitled to CSRS retirement benefits.

Mr. Quilalang did not refute OPM's determination as shown in its records and employment forms, that the positions in which he had been employed were either excepted appointments limited to one year or less, or an indefinite appointment in the excepted service. The Board observed that Mr. Quilalang's employment forms (SF-50) all designated the retirement status of his positions as either "none" or "other" or left blank, and none of the employment forms contained an entry showing retirement coverage. The Board noted that no retirement deductions had been withheld from his pay, as further evidence of non-coverage. The Board observed that at the time of his retirement in 1980 due to a disability, Mr. Quilalang received 12 months' retirement pay pursuant to a collective bargaining agreement; the Board concluded that this was evidence of alternative retirement compensation, and further evidence of non-coverage by the CSRS.

In his informal brief Mr. Quilalang refers to disability retirement. OPM points out that his request referred only to a deferred annuity, and contained no claim as to a disability retirement annuity. We agree that the issue before us concerns only the claim to a deferred retirement based on the asserted years of service.

The Board examined all of the evidence, and found no suggestion that Mr. Quilalang was covered by the CSRS, and clear evidence that he was not covered. We discern no error in these determinations, and in the Board's conclusion.

No costs.